Duer, J.
It is not denied that the necessary effect of the injunction which I am asked to dissolve, is to restrain the defendant from proceeding any further in the suit in the common pleas, and, without entering upon the question, whether the equity of the complaint is fully met by the answer, the prior institution of that suit, and its actual pendency, are regarded by me as conclusive reasons for granting the motion in its full extent.
The only ground upon which the court of chancery formerly acted, in granting an injunction, in cases like the present, was the inability of the court of law, in which a suit was pending, to grant the necessary relief; but as, since the code, the jurisdiction of all our courts is equitable as well as legal, or more properly, as the distinction between legal and equitable, except in reference to the nature of the relief demanded, is now abolished, the reasons, by which the exercise of a power, always invidious, and frequently abused, could alone be justified, have ceased to exist, and have left a case, to which the maxim emphatically applies, that “ cess ante ratione, cessat etiam lex.”
It is said that the suit in the common pleas relates only to one of the agreements, from which the plaintiff seeks to be relieved, and that the injunction should therefore be only partially dissolved, but it is evident from the pleadings, that all the securities and agreements set forth in the complaint, are so connected, that, in all probability, they must stand or fall together, and it is upon this connection, that the complaint specially insists.
It may be true, that all the matters set forth in this complaint cannot, with propriety, be set forth in an answer to the plaintiff's complaint, in the common pleas, or if contained therein, cannot be made the ground of the affirmative relief, to which the plaintiff deems himself entitled; but there is an obvious and conclusive reply. If affirmative relief cannot be granted to the plaintiff, upon his answer, (which, however, I am far from thinking,) he may file a complaint in the common pleas, in the *614 nature of a cross bill, and that court, according to the course in chancery, will then stay the proceedings in the first suit, until both shall be at issue, so that both may be tried and decided at the same time. Although nominally, there will be two suits, there will be, in reality, but one controversy. It is in the common pleas that the controversy was commenced, and it is there that it ought to be terminated. The prior jurisdiction which that court has acquired over it, I have no right, and will not attempt to disturb. The injunction must, therefore, be dissolved, but as the question is said to be new, without costs ; the plaintiff’s counsel, however, will consider, whether it may. not be expedient to apply, without delay, for leave to discontinue the suit. He will consider, whether the ground upon which I dissolve the injunction, may not also be a ground for dismissing the complaint.
At a joint meeting of the judges of the supreme court, of the common pleas, and of this court, which was had shortly after the above decision, it was communicated by Duer, J., and unanimously approved.