## TRIGG a. HITZ.

*Supreme Court, First District; General Term, March,* 1864.

INTERPLEADER.—VENDOR AND VENDEE.—ESTOPPEL.—SALE PRO-CURED BY FRAUD.—PURCHASER IN GOOD FAITH

An action of interpleader cannot be maintained by the buyer of goods to settle the conflicting demands of his vendor, and a stranger, who claims the purchase-money on the ground that the vendor had obtained the property from him by fraud.

Interpleader is allowed only to those who are in danger of loss by an inability to determine to whom the money or property in question belongs.

To sustain an action of interpleader, it must appear that the plaintiff is ignorant of the rights of the respective claimants; nor can he assert such ignorance where his liability to one of the parties rests upon an estoppel.

Thus, where a *bona-fide* purchaser of merchandise brought an action of interpleader against his vendor, and a previous owner, who claimed to have been defrauded of the goods by the vendor, and also against the indorsee of a check given for part of the purchase-money, and the assignee of the remainder,—*Held,* that the action could not be maintained.

A person who has voluntarily parted with his goods to a fraudulent vendee, under circumstances which would vitiate the sale as against the latter, must, on re-claiming his property, protect from loss a purchaser in good faith from the fraudulent vendee.

In such case, it is the duty of the purchaser to give to the original owner of the goods all the information in his possession, to enable the owner to obtain his rights; if the latter omit or neglect to take the remedies open to him, the further liability of the purchaser ceases.

Appeal from an order continuing an injunction.

This action was brought by George P. Trigg against Edward Hitz, Sereno D. Nickerson, Thomas W. Nickerson, Charles H. Mansfield, and William Rossman. The plaintiff had bought of one Bernard Rice 300 quintals of codfish for $1,285, and

gave in part payment his check for $600. He subsequently ascertained that the defendants Nickerson claimed half the codfish, and defendant Mansfield the residue, alleging that Rice had obtained it from them by fraud, and he thereupon stopped payment of the check, which passed into the hands of Rossman, and of the balance of the purchase-money, which was assigned to Hitz. The Nickersons commenced an action against Rossman, Hitz, Rice, and Mansfield, to reclaim Nickersons' share of the codfish, claiming that Rossman was not a *bona-fide* holder of the check, and that Hitz took the account subject to the equities, &c., and demanding judgment for the delivery of the codfish, and other suitable relief. In that action Mansfield answered, claiming similar suitable relief on his part. Rossman had previously brought suit in the Superior Court against Trigg upon the check. In Nickerson *a.* Rossman, an injunction which had been obtained was dissolved, on Trigg's paying into the United States Trust Co. $600, and the costs in Rossman *a.* Trigg, and on Hitz paying in $45. On appeal by the Nickersons, this order was affirmed by the general term. The present action by Trigg was in the nature of a bill of interpleader. Hitz, in the mean time, obtained judgment on his claim. An injunction was granted, on notice, by Mr. Justice Sutherland, the nature of which sufficiently appears from the following opinion.

SUTHERLAND, J.—I see no necessity, or even occasion, for a bill or action of interpleader as between the defendants as to the fund. Their respective rights in or to the fund can, and it is to be presumed will be, settled in the action of the Nickersons now pending. That action must be considered as an action to reach the fund, the price of the quintals of fish, and not an action to recover the possession of the quintals of fish, although the prayer for relief is in the alternative. I do not see why the relief which George P. Trigg asked for by his motion in that action should not have been granted. Assuming, however, the decision of that motion to have been right, I think, regarding this action by Trigg simply as an action to restrain further proceedings in the actions of Hitz and of Rossman on or under the judgment of Hitz, that I can and ought to continue the injunction restraining any further proceedings on or under the Hitz judgment, or the

execution issued thereon, at least until the hearing and deter-
mination of this action, on Trigg depositing in the United
States Trust Co., to the credit of the action of the said Nicker-
sons, the amount of such judgment. It seems that Rossman's
action has been discontinued. There is, therefore, no occasion
for any injunction as to that. It is possible that I ought also
to order the action of the Nickersons to be discontinued as to
Trigg, upon his thus depositing the amount of Hitz's judgment;
but I have doubts whether I can regularly do so on this motion,
and I will reserve that question until the settlement of the
order, as also the question of costs on this motion.

The order, as settled, did not require the discontinuance of
Nickerson *a.* Rossman, but enjoined Hitz from further prose-
cuting his judgment, on Trigg paying the amount into the
United States Trust Co. Hitz appealed.

*Philip J. Joachimsen*, for the appellant.—I. The facts upon
which the order below was made, had been adjudicated in the case
of Nickerson *a.* Rossman. No new facts were made to appear,
and the court should have held the matter to be *res judicata.*

II. An interpleader cannot be sustained after judgment.
The rule is, that " the party seeking relief must have incurred
no independent liability to either claimant." (*Adams' Eq.*, 204;
*N. S.*, 394.)

III. The form of interpleading in this State is now prescribed
by section 122 of the Code. The plaintiff had the opportunity
to take that remedy, but allowed the time to elapse. He was
guilty of laches. (Bedell *a.* Hoffman, 2 *Paige*, 199; Badeau
*a.* Rogers, *Ib.*, 209.)

IV. The principle of the case of Marvin *a.* Elwood (11 *Paige*,
365), is directly in point, and adverse to the plaintiff. So is
Lund *a.* Seaman's Bank for Savings (37 *Barb.*, 129).

V. The plaintiff's bill cannot be maintained. He shows that
his liability to the different parties are of different natures.
"The same thing or duty must be claimed by both." (Shaw *a.*
Coster, 8 *Paige*, 339; *Adams' Eq.*, 204, 394, note *w.*)

VI. It appears affirmatively that Mansfield can have no rem-
edy against Trigg.

VII. It also appears that Trigg was indemnified by Mansfield.

*Augustus F. Smith*, for the respondent.—I. This is a case for an interpleader within the rule stated in Badeau *a*. Rogers (2 *Paige*, 209).

II. That the bill was not filed until after Hitz's judgment, is excused within the case of Cornish *a*. Tanner (1 *Young & Jervis* [*Exch.*], 333).

LEONARD, J.—The allegations of the complaint, and the facts mentioned in the affidavits upon which the injunction herein was allowed, present a case wherein an interpleader, by the settled rules and practice in equity, cannot be sustained.

The plaintiff, by his own showing, was a *bona-fide* purchaser of the merchandise, for which he has given his check in part payment, and remains liable, in account for the residue of the price, to the defendant Hitz as assignee of the vendor.

The plaintiff alleges that two firms residing in Boston, who are made defendants herein, were induced to sell the merchandise in question, through the frauds of the party who sold to the plaintiff, as those firms allege, and that they now claim the merchandise, or the proceeds· thereof in the hands of the plaintiff.

It is a well-settled principle, that a bailee cannot deny the title of his bailor, nor can a vendee deny title of his vendor. (Marvin *a*. Elwood, 11 *Paige*, 365; Shaw *a*. Coster, 8 *Ib.*, 339; Lund *a*. Seaman's Bank for Savings, 37 *Barb.*, 129.)

The Boston firms have no right of action against the plaintiff, at law, to recover the price of their merchandise. The plaintiff, being a *bona-fide* purchaser, will be protected against the claims of those firms, unless they return him his check; and, in that case, they could maintain replevin for the goods, or an equitable action against the plaintiff and the alleged fraudulent purchasers and their assignee, to reach the unpaid contract price of the merchandise in the hands of the plaintiff, and also to compel a surrender of the check in the hands of any third party who should not be a *bona-fide* holder for value. Such action or actions must be commenced, however, within a reasonable time, or the plaintiff will be justified in paying the money to the parties who made the actual sale and delivery of the merchandise to him.

It is no part of the duty of the plaintiff to embark in a liti-

gation for the purpose of saving from loss the parties alleged to have been defrauded.

Interpleader is not allowed for any such purpose. It is allowed only to those who are in danger of loss by an inability to determine to whom the money or property in question belongs, when there is no superior duty to either claimant.

It is the business of the party who has voluntarily parted with his goods, although they were obtained by a fraud (not amounting to a felony) which would be sufficient to vitiate the transaction as against him, to seek his satisfaction or indemnity in such a manner as not to inflict loss or injury upon an innocent purchaser from his fraudulent vendee. The defrauded party cannot obtain relief upon any other terms as against a purchaser of the merchandise in good faith.

The defrauded firms claim the merchandise, or its proceeds in the hands of the plaintiff, by an independent title. It is the duty of the plaintiff to afford these firms every facility, and all the information in his possession, to enable them to obtain their just rights; but if, after notifying them of every fact in relation to the transaction within his knowledge, those firms shall neglect or omit to take the remedies open to them, until the plaintiff can no longer defer payment without a breach of the duty owing by the vendee to his vendor, or until the vendee is in default to his vendor, then the plaintiff will have performed all the duty which the defrauded firms can claim from him, and his further liability to them will cease.

The law also requires that the plaintiff should be ignorant of the rights of the respective claimants. It is true, the complaint alleges that the plaintiff is ignorant in this respect, but it is entirely clear that he well knows his liability, as a vendee, to the party of whom he purchased the merchandise, and that it is not permitted to him to defend himself against the action of the vendor (or his assignee, Hitz) by denying the title of his vendor, or by asserting a better and independent title in either of the Boston firms.

The plaintiff, by bringing this action, attempts indirectly to deny the title of his vendor. He alleges ignorance of a fact about which the law does not permit him to be ignorant, viz., the rights of the vendor against him, in order to give apparent jurisdiction in this action.

The complaint cannot, in my opinion, be sustained. Each of the defrauded firms must seek his own redress, by separate actions, in such manner as will afford full protection to the plaintiff, or discharge from liability on his part to his vendor, or the assignee of the vendor's demands, whether arising on a check or upon account.

The order appealed from should be reversed, and the injunction be dissolved. Costs to abide the event.

The plaintiff can make his application in respect to the fund paid into court, in the action wherein the deposit has been made.

CLERKE, J., concurred.

SUTHERLAND, J.—I concur, on the ground of the decision of the general term in Nickerson *a.* Rossman.