Van Vorst, J.
The application in this case is made by defendant, under section 122 of the code of procedure, to substitute Daniel Glacken as defendant in his place, and to discharge defendant from liability to either party, on his depositing in court the amount of the note. It appears by the papers that Glacken does demand from the defendant the same debt as is sued for in this action, and all collusion between defendant and Glacken is denied.
This being an action founded on contract, the application is proper, and I think should be granted.
I have been referred by the counsel for the plaintiff to the case of Trigg v. Hitz (17 Abb. Pr., 436), as an authority which would forbid a substitution in this case. But in that case there was no dispute as to the person from whom the goods were purchased. The vendor in that case, Bernard Bice, although he had fraudulently come in possession of the goods, had a title sufficient to transfer the same to a bona fide purchaser,, and it was held that the vendees were in ruch a position that they could not dispute the title of then* vendor. That is a well settled principle. But Justice Leonard, in his well considered-opinion in that case, proceeds upon the ground that the goods had been purchased from Bice, to whom the check was given, for a portion of the purchase money.
The case of Trigg v. Hitz was correctly decided upon the facts of the case. But in the case now before the court, two persons claim to have been the vendor—the plaintiff and Glacken—each claims to have buen not only the owner, but the seller of the goods. It is true that the *152 defendant may not dispute the title of his vendor—but the question to be determined is, who was the vendor in this instance, and which of the contestants is entitled to the amount of the note in suit.
The sale was ostensibly made by Glacken, claiming to be the owner of the goods. Plaintiff, admitting that Glacken made the sale, insists that he did not sell as owner, but only as the agent of the plaintiff, and that he was acting for his principal 'in relation to the merchandise. The owner of the goods is entitled to the proceeds of the note. The ownership is a disputed point, and both plaintiff and Glacken make claim on defendant for the proceeds.
Defendant should be relieved' from embarrassment— he should not be vexed with the claims of two adverse parties, or annoyed by two suits for the same debt, when he is ready to respond to the person having the legal- claim to the" moneys ; and, having expressed his readiness to pay the amount into court, should be allowed to do so, leaving the contestants to settle the controversy between themselves as to which is entitled to the amount.
Motion to substitute Daniel Glacken as defendant, granted, on defendant paying the amount of the note and interest into court.