THE HOWE MACHINE COMPANY *v.* WILLIAM L. GIFFORD.

A defendant in an action is entitled to have another person substituted in his place, as defendant, only in a case wherein he could maintain an action of interpleader, in equity.

The plaintiff, claiming to own a promissory note made by the defendant to the order of B., brought an action thereon. The assignee in bankruptcy of B., also claiming to own the note, demanded payment thereof to himself, by the defendant. In such action, the defendant served an unverified answer, which was returned. A motion to compel the plaintiff to receive such answer was denied, and five days given the defendant to put in a verified one. The defendant, without putting in a further answer, moved that the assignee be substituted as defendant in his place, under § 122 of the Code. *Held* that the defendant not having served any other answer than the unverified one, which was returned, he was entitled, under § 122, to move for a substitution.

*Held*, also, that the defendant could interplead the plaintiff and the assignee in bankruptcy of the payee of the note, and was entitled to an order for substitution.

APPEAL, by the plaintiff, from an order made at a Special Term directing an assignee in bankruptcy

to be substituted in the defendant's place, as defendant in this action.

*By the Court*, Mullin, P. J. The defendant is the maker of a promissory note for $100 payable to the order of E. D. Barber within nine months from its date, and on which the plaintiff brought an action against the defendant, claiming to own the same.

At some time after the making of said note Barber was declared a bankrupt, and John W. Stebbins was appointed assignee. The assignee claimed to own the said note, and demanded payment to himself by the defendant. Thereupon the defendant moved at a Special Term that said assignee be substituted in his (defendant's) place as defendant in said action, under § 122 of the Code. An order of substitution was made, and from it the plaintiff appeals.

The defendant, in his affidavit for the motion, set forth the aforesaid facts, and also that the assignee in bankruptcy had forbidden him (defendant) to pay the amount due on said note, to the plaintiff; that the said claim of the assignee was made without collusion with the defendant; that he (defendant) was ready and willing to pay the amount due on said note to such person as the court should direct, or to bring the same into court, upon being discharged from liability to the other claimant; and that he was ignorant of the rights of the parties claiming said note.

It was shown, on the part of the plaintiff, that the defendant had put in an answer containing a general denial, which had been returned because it was not verified. Defendant's counsel then moved to compel the plaintiff to receive said answer, which motion was denied, but the defendant was allowed five days to put in a verified answer; and that when this order was made the time for answering had expired.

It was also shown that the assignee in bankruptcy

The Howe Machine Co. *v.* Gifford.

had brought an action of trover against the plaintiff, claiming damages for the conversion of said note.

The plaintiff's attorney in that action is the same person who appears for the defendant in this action. An attachment was obtained in the action of trover and levied on property, which was discharged on giving a bond as provided in § 24 of the Code.

Substitution under § 122 of the Code is a substitute for the bill of interpleader in equity, and substitution can only be granted in the cases in which a bill of interpleader might be filed. (*Wait's Practice*, 166, 167, *and cases cited.*)

To entitle a plaintiff to maintain an action of interpleader, several things must concur.

1st. He must have no interest in the thing claimed.

2d. He must have no adequate remedy at law.

3d. He must be ignorant of the rights of the claimants. (*Wait's Pr.* 167 *to* 172, *and cases cited.*)

The defendant, in his affidavit, declares his readiness and willingness to pay to the claimant designated by the court, or into court upon substitution of a defendant in his place being made. He alleges his ignorance of the rights of the claimants; and it is quite obvious that the law affords him no other mode in which he can protect himself against the risk of having to pay the debt to both claimants.

These facts appearing in a bill of interpleader would entitle the plaintiff to relief, unless it be true as stated in 2 *Barb. Ch. Pr.* 118, 119, that a person who has accepted a bill for a drawer who afterwards becomes a bankrupt cannot compel the *bona fide* holder without notice and the assignees of the bankrupt to interplead. In support of this proposition *Welf. Eq. Pl.* 152 is cited. I have not been able to refer to the authority cited, and do not know whether it is supported by any adjudication. If the meaning of the author is that the acceptor of a bill cannot interplead the assignee of the

bankrupt drawee and the holder of the bill, it is not the law. But if it means that the acceptor cannot interplead those parties when he knows the holder to be such in good faith, it is in accordance with the well settled principles of courts of equity relating to interpleader. That such is the understanding of the authority by Mr. Barbour, is apparent from the connection in which the language above quoted is used. He begins the paragraph thus: "To maintain a bill of interpleader it is necessary the complainant should be uncertain, as to whom the right belongs," and illustrates by the case of a bill by an acceptor to interplead holder, &c., and assignee of insolvent drawers.

If the plaintiff, in the case supposed, did not know the holder to be such in good faith, the supposed case would in no way illustrate the principle stated by the author. If, however, the plaintiff showed by his bill, or if it appeared by the evidence that he knew when he filed the bill the holder to be such *bona fide*, he could not maintain it, as a party cannot interplead when he knows which of the parties is legally entitled to the property in dispute. A defendant in an action is entitled to have a party substituted in his place, only in a case in which he could maintain an action of interpleader in equity.

If I am right in supposing that the defendant in this case could interplead the plaintiff and the assignee in bankruptcy of the payee of the note, he was entitled to the order of substitution that was granted.

The plaintiff's counsel shows by his affidavit that the time for answering had expired, when the order extending the time to answer was made by the Special Term; and it does not appear that any other answer than the unverified one had been served before the motion was made, so that the defendant, not having answered, was entitled by § 122 to move for the substitution.

The unverified answer being returned was not an answer in the action, for any purpose.

The order must be affirmed with $10 costs.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]