## SUPREME COURT.

JOHN H. TYNAN, respondent, agt. MANUEL CADENAS and another, appellant.

JUAN R. HIGUERA and another, respondent, agt. THE SAME, appellant.

*Interpleader — Code of Civil Procedure, section 820.*

Where two claimants each claim the price of certain goods alleged by each of them respectively to have been sold and delivered by him to the purchaser.

*Held,* that (the necessary facts required by section 820 of the Code of Civil Procedure being shown) the purchaser is entitled to interplead them and be discharged from liability to either.

*Sherman* agt. *Partridge* (4 Duer, 646) and *Trigg* agt. *Hitz* (17 Abb. Pr., 436) distinguished.

The principle laid down in *Baltimore and Ohio R. R. Co.* agt. *Arthur* (90 N. Y., 237) followed.

*First Department, General Term, October,* 1885.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from an order denying a motion made by the defend-ants to interplead the plaintiffs.

*Stephen M. Ostrander*, for plaintiff and respondent, Tynan.

*R. V. W. Du Bois*, for plaintiff and respondents, Higuera & Co.

*Edward M. Shepard*, for defendants and appellants.

The defendants, Cadenas & Coe., by a transaction had with the plaintiff, Higuera, alone purchased, as they supposed, from the firm of Juan R. Higuera & Company, 4,000 pounds of "Picadura" tobacco. The plaintiff, Tynan, was unknown in the transaction. Before the defendants had paid for the tobacco the plaintiff, Tynan, interposed a demand for its price and com-menced an action against them demanding judgment therefor. The complaint in the action alleged "that on or about the 17th day of March, 1885, at said city, this plaintiff sold and delivered to said defendants, Cadenas & Coe., at their request, goods, wares and merchandize, consisting of 4,000 pounds of manufac-tured 'Picadura' tobacco, and at their instance and request (made through their authorized agent, one Juan R. Higuera) duly bonded and shipped on board the steamer 'Glenfyne,' Red D. line, on or about said last mentioned date, the aforesaid goods, wares and merchandize."

Subsequently an action was commenced against them by the plaintiffs, Juan R. Higuera & Company, demanding a like judg-ment for the price of the tobacco. The complaint in this action alleged "that on the 17th day of March, 1885, at the city of New York, the plaintiffs sold and delivered to the defendants twenty bales of the net weight of 3,000 pounds of manufac-tured 'Picadura' tobacco * * * that on the 18th day of March, 1885, at the city of New York, the plaintiffs sold and delivered to the defendants ten barrels of the net weight of 1,000 pounds of manufactured 'Picadura' tobacco."

The defendants thereupon, and before answering in either

Tynan agt. Cadenas.

case, moved for an order that in each case the plaintiff in the other case be substituted as defendant in place of the defendants Cadenas & Coe.

In the affidavits read upon the motion the plaintiff Tynan further alleged that "said Juan R. Higuera and Emanuel Berger have not, nor has either of them, now or heretofore, any right, title or interest in or to said tobacco, or the proceeds of the sale thereof, either as partners or otherwise, and that their pretended claim thereto, as set forth in their said complaint, is without any foundation, and is wholly false and fraudulent."

And the plaintiffs Higuera & Company further allege that "John H. Tynan, the plaintiff in the cross suit, never has had any interest whatever in these goods or in the money in question."

There was no dispute as to the amount of the debt or that it was due to one or the other of the plaintiffs. The defendants' moving papers also showed that the demand was made in each case without collusion with them.

The motion was denied, the court writing the following memorandum:

LAWRENCE, J.—"The motions in these cases, why the plaintiffs in the respective actions should not interplead, &c., must be denied, with costs, on the authority of *Sherman* agt. *Partridge* (4 *Duer*, 646), and *Trigg* agt. *Hitz* (17 *Abb. Pr.*, 436–9)."

From the order entered upon this decision the defendants appealed.

PER CURIAM.— Order reversed on the rule stated in *Baltimore Co.* agt. *Arthur* (90 *N. Y.*, 237–234, and sec. 820 of the *Code of Civ. Pro.*) Order directed for the interpleader of the plaintiffs in the two suits upon payment by the defendants into court of the sum of $480 with interest, with $10 costs and disbursements of appeal to appellants.