Pratt, J.
The complaint recites that at the time of the marriage between ■the parties there was in force a decree divorcing Joseph Yon Prochazka from his previous wife. This defendant had aright to trust in that decree, and the recent decisions are to the effect that a marriage in New Jersey between parties thus situated is valid, and will be so regarded by the courts of this state. Van Voorhis v. Brintnall, 86 N. Y. 27; Ponsford v. Johnson, 2 Blatchf. 51, 59. Whether the subsequent vacating of the decree of divorce will have the . effect of annulling a valid marriage previously contracted on the faith of the decree., is a question by no means free from difficulty. When a marriage has -been in good faith contracted in the mistaken belief of the death of a party, who has been absent more than five years, the marriage will be void only from .the time its nullity shall be pronounced by a court. 2 Itev. St. 139, § 6. The cases are somewhat analogous, and it may well be that in the present case .the interests of the injured party will be guarded with equal care. Por one court to restrain proceedings in another court of equal dignity already possessed of a litigation, is a high exercise of authority, and will seldom be done where the first court has means to render full justice between the parties. Grant v. Quick, 5 Sandf. 612; Savage v. Allen, 54 N. Y. 458-463. In the ¿present case the conduct of the plaintiff is not, upon his own showing, free from criticism. The position of being married to two women at once may well have its inconveniences, but the court is not responsible for tliem. The plaintiff brought them upon himself, and we are not able to see anything in the situation which requires us to enjoin the wife from proceeding in the action originally brought by her. Prom these views it follows that the order .appealed from should be reversed, with $10 costs and disbursements.
Barnard, P. J., concurs.