## HUME *v.* GEORGE C. FLINT CO.

*(Common Pleas of New York City and County, General Term.* November 3, 1890.)

1. CONTRACTS—INTERPRETATION.
    Defendant agreed with plaintiff that, if the latter would use his influence to secure for the former a contract for the cabinet work in the houses of one D., plaintiff should receive for such services 10 per cent. of the contract price. *Held*, that plaintiff's right to compensation for his services was dependent upon the making of a contract between defendant and D., but that it was immaterial whether or not the contract was procured through the efforts of plaintiff, defendant, or a third party.

2. ACTION ON CONTRACT—EVIDENCE.
    In an action for services rendered under the agreement, it was not error to exclude questions put by defendant to D. as to whether or not the latter was induced by plaintiff to make the contract, or whether or not D., at the time of entering into the contract, disclosed to defendant that he proposed to make it by reason of plaintiff's endeavors, or that he was introduced to defendant by plaintiff.

3. SAME—RIGHT TO COMMISSIONS.
    The court having charged that, "Plaintiff cannot have commission from both sides. It is claimed by, the defendant that he was endeavoring to do that. If that was true, while he was working for the defendant, he cannot recover in this action at all, provided you believe he was undertaking to get commissions from D. as well,"—there was no error in refusing defendant's request for a charge that if at the time of the making of the contract between plaintiff and defendant, plaintiff was negotiating with D. to do the work himself, the jury must find for defendant.

Appeal from trial term.

Action by Charles Hume against the George C. Flint Company for services rendered. There were verdict and judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Abram Kling*, for appellant. *John H. V. Arnold*, for respondent.

BISCHOFF, J. The learned counsel for appellant appears to be laboring under a misapprehension concerning the nature of plaintiff's claim in this action. It appears from the complaint, as well as from the evidence for the plaintiff taken upon the trial, that the agreement entered into between him and the defendant was that, if the plaintiff would use his influence and endeavors to secure for the defendant a contract with one Devin to supply certain cabinet work for the latter's houses, the defendant would pay to him,

the plaintiff, for such services, a sum equal to 10 per centum of the price fixed in any contract which it might make with said Devin. This was not an undertaking on plaintiff's part to procure for the defendant a contract from Devin, as defendant claims, but only that the plaintiff would render services in and about persuading Devin to make it; and plaintiff's right to compensation was not in any sense dependent upon the successful result of his efforts. The payment for his services and the amount thereof was to depend upon the making of a contract between Devin and the defendant, but it was immaterial whether or not the contract was procured through the efforts of the plaintiff, the defendant, or any third person.

It may have been unwise for the defendant to enter into such an arrangement with the plaintiff, but that fact alone is not sufficient to warrant the court in relieving it from the consequences of the improvident acts of its agents. If such an arrangement was knowingly entered into, there appears to be no good reason for refusing its performance by defendant. The case here presented is analogous to that of *Lampleigh* v. *Brathwait*, 1 Smith, Lead. Cas. 67, in which the plaintiff agreed to endeavor to secure for the defendant a pardon, upon the latter's promise to pay to the former for his services the sum of £100. The court in that case held that it was immaterial whether or not the pardon was procured through the plaintiff's efforts, and that proof that the plaintiff did render services in endeavoring to procure the pardon was sufficient to entitle him to a recovery. In the present case, it abundantly appears from the plaintiff's testimony, and from that of defendant's witness Devin, and defendant's Exhibit 2, which is a letter dated June 29, 1888, from the witness Devin to the plaintiff, wherein plainti.. s services are acknowledged, as well as that plaintiff did render services in and about his endeavors to secure the contract from Devin. The exclusion of the following questions by defendant's counsel to the witness Devin was perfectly proper: "*Question.* Were you induced by the statements of Mr. Hume to make the contract with the Flint Co. which you did?" "*Q.* Did you tell them, the defendants, when you went there, that it was by reason of the acts of Mr. Hume that you came there to make that contract?" "*Q.* Did you ever mention Hume's name to Flint & Co. when you went there to sign the contract, or tell them that you were introduced by Hume?" And this is so for the reason that, under the contract claimed to have been entered into by the plaintiff with the defendant, it was wholly immaterial whether or not Devin was induced by Hume to make the contract, or whether or not Devin, at the time of entering into the contract, disclosed to the defendant that he proposed to make it by reason of plaintiff's endeavors, or that he was introduced to the defendant by the plaintiff. If the plaintiff's version of his agreement with the defendant is true, he was to be paid compensation only for his services in endeavoring to procure a contract irrespective of the successful issue of such endeavors. There is no force in the appellant's exception to the alleged refusal of the trial justice to charge the jury "that if they find that on the 7th day of June, when the alleged contract with the plaintiff is alleged to have taken place with the defendant, at that time Mr. Hume was negotiating with Mr. Devin to do the work himself, in that event the jury must find a verdict for the defendants."

The judge did charge the jury substantially as requested by defendant's counsel. He said: "The plaintiff cannot have commission from both sides. It is claimed by the defendants that he was endeavoring to do that. If that was true, while he was working for the defendant, he cannot recover. in this action at all, provided you believe he was undertaking to get commissions from Mr. Devin as well." It appears that all the material facts in dispute were properly left to the jury; that there was sufficient evidence to sustain a verdict for the plaintiff; and I can discover no errors on the part of the trial court prejudicial to the defendant. The judgment appealed from should be affirmed, with costs.