(2 Misc. Rep. 441.)

### TAYLOR et al. v. SATTERTHWAITE et al.

(Common Pleas of New York City and County, General Term.   February 6, 1893.)

1. INTERPLEADER—WHEN ALLOWED—DEMAND FOR SAME DEBT.
   Where plaintiffs sue defendant for a broker's commission for the sale of certain land, made through their agency, the action by a third person against defendant, in another court, to recover for "work, labor, and services" in the sale of the land, is not "a demand against him for the same debt," within Code Civil Proc. § 820, allowing an order of interpleader when competing creditors demand "the same debt."   Daly, C. J., dissenting.

2. SAME—DISCRETION OF COURT.
   The granting of an order of interpleader is within judicial discretion, and the order will not be disturbed, unless the discretion was improperly exercised.

Appeal from special term.

Action by William B. Taylor and others against Thomas E. Satterthwaite and another to recover money.   Defendants move that George R. Read be substituted in their place as defendant, under Code Civil Proc. § 820.   From an order denying the motion for interpleader, defendants appeal.   Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

John A. Dutton, for appellants.
Theron G. Strong and C. W. West, for respondents.

PRYOR, J.   The learned judge at special term assigned a single cause for the denial of the motion, but the order will be upheld if it may be supported upon any ground apparent in the papers.   Nevertheless we are quite satisfied that the reason given for the decision in question is sufficient to sustain it.   By the terms of the Code, (section 820,)[1] an order of interpleader is allowable only when the competing creditors demand "the same debt or property."   The thing about which these creditors are in controversy is a debt, and the question is as to the identity of the claims they respectively prefer.   As the party sought to be substituted for the defendants has reduced his claim to the formality and certainty of a cause of action in a complaint, that statement

---

[1] Code Civil Proc. § 820, provides: "A defendant against whom an action to recover upon a contract, or an action of ejectment, or an action to recover a chattel is pending, may, at any time before answer, upon proof by affidavit that a person not a party to the action makes a demand against him for the same debt or property, without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property, or its value, to such person as the court directs.   The court may, in its discretion, make such an order."

of it undoubtedly is the most authentic exposition of its character. Looking, then, to the complaints of the creditors proposed to be interpleaded, we find that they proceed upon essentially different claims or causes of action. The Taylors sue for brokers' commission as such, and accordingly they allege their employment as brokers to sell the property, a sale of the property, their effective agency in the sale, the customary commission for the sale of real property, and their complaint concludes with a demand of judgment for that specific commission. Read's action is for work, labor, and services in the sale of the property; and, consistently, he omits the allegations as to the customary commission, that he was the procuring cause of the sale, and, indeed, that a sale was actually consummated. To entitle a broker to his commission on a sale, he must be the procuring cause of the sale; but one employed only to render services in a sale may conceivably recover for those services although he did not in fact negotiate the sale. Hume v. George C. Flint Co., (Com. Pl. N. Y.) 11 N. Y. Supp. 431. The decisive test of the identity of debts is the identity of the evidence to support them, and, here, manifestly, to support the causes of action advanced by the claimants would require a diversity of proof. We are unable to affirm that the claims of Taylor and Read, respectively, against Satterthwaite constitute one and the same debt.

Another ground apparent in the papers affords sufficient support to the order. "To sustain an action of interpleader it must appear that the plaintiff is ignorant of the rights of the respective claimants." Trigg v. Hitz, 17 Abb. Pr. 436; Machine Co. v. Gifford, 66 Barb. 599; Morgan v. Fillmore, 18 Abb. Pr. 217. The plaintiff must show that "he is ignorant which claimant has the better right." Railroad Co. v. Arthur, 90 N. Y. 234, 237. In a letter to the Taylors, owners of the property sold, now moving for the interpleader, recited the facts of the transaction, and concluded: "I think, therefore, you will readily see on these facts as now given you that you are not entitled to a commission on the sale." The facts recited show to demonstration that the rival claimant was entitled to the commission. Upon the defendants' own statement there can be no reasonable doubt as to the validity of Read's claim, and of perfect security in paying the money to him; and this fact presents still another ground in support of the order. Bank v. Yandes, 44 Hun, 55. But, although the defendants make a case for interpleader under the Code, it does not follow, of course, that the order will issue. It is still within the discretion of the court whether to grant the relief, (Barry v. Insurance Co., 53 N. Y. 536;) and we are of opinion that in this instance an interpleader is inconsistent with a judicious discretion. Before notice of the motion, Read had begun an action on his claim in the superior court. He had a right to select his forum, and it is a familiar rule that the court first acquiring jurisdiction retains it to the end. Comity suggests that such court should not be molested or hindered in the disposition of the case by the action of a co-ordinate tribunal. It is answered that to interplead Read in the action depending in the common pleas will in no way interfere with his action in the superior court. If that be so, then two actions for the same cause will

be in agitation at the same time before different tribunals, and may result in contradictory judgments. In the superior court it may be adjudged that Read is entitled to the money, and in the common pleas that the Taylors recover the indentical debt. Here would be an embarrassing conflict. If it be that the interpleader of Read in this court will not arrest his action in the superior court, the fact affords a conclusive reason why, in the exercise of discretion, we should not compel him to come hither. If, on the contrary, the effect of an order of interpleader be to detach the action from the control of the superior court, then do we oust their jurisdiction in regard of the comity which is indispensable to the harmonious co-operation of co-ordinate tribunals. Grant v. Quick, 5 Sandf. 612. In either alternative, it would appear that our discretion had been improvidently exercised. Nor is this all. It may be that, by compelling an interpleader, we should embarrass the claimants in maintaining their respective rights. For support of his action in the superior court Read will undoubtedly rely on Satterthwaite's admission of liability to him; but would that be evidence against the Taylors? On the other hand, would a declaration of Satterthwaite, favorable to the Taylors be competent evidence against Read? Be this as it may, we are persuaded that the learned judge at special term discreetly exercised his discretion in denying the interpleader.

Order affirmed, with costs.

BISCHOFF, J., (concurring.) By express provision of section 820 of the Code of Civil Procedure a motion for an order of interpleader is addressed to judicial discretion. The granting of the order is therefore not a matter of right, (Barry v. Insurance Co., 53 N. Y. 536;) and unless it plainly appears that the discretion has been improperly exercised by the judge at special term his order denying the motion should not be disturbed. To bring himself within the provisions of section 820 of the Code of Civil Procedure defendant Satterthwaite had necessarily to allege that George R. Read, who was sought to be substituted as defendant in his stead, "makes a demand against him for the same debt," and "without collusion with him;" and to substantiate the allegation of a demand by Read defendant's affidavit refers to Read's complaint in the superior court action. No other demand is alleged. From that complaint, however, it appears that Read's claim is for services rendered at defendant's request in and about the sale of certain real property, and, from the complaint in this action, that plaintiffs claim commissions, as brokers, for having effected the sale. The claims, therefore, though arising from the same subject-matter, are in no sense conflicting. Both may be valid and subsisting at one and the same time. Hence, from defendant's own showing, a constituent ground for the motion is disproved. True, from Read's affidavit, which was submitted for the purposes of the motion, it appeared that he then asserted a claim for commissions for procuring the sale. But it does not appear that he had at any time prior thereto asserted a similar claim. His complaint in the superior court action is based upon essentially different grounds, and his affidavit is that of a person in

interest. The learned judge at special term may therefore well have concluded that Read's claim for commissions was only made for the purpose of the motion, and collusively so, to secure an order of interpleader; and, if so, it was not only his province, but also his duty, to deny the motion.

The order appealed from should be affirmed, with costs.

DALY, C. J., (dissenting.) The order for interpleader was refused upon the ground that the two claimants were not demanding the same debt. Code, § 820. The plaintiffs, as brokers, employed to sell defendants' property, allege that by means of their services, the property was sold to one George G. Havens, Jr., and' they demand the customary brokers' commission. The other claimant has also sued the defendant upon a complaint alleging an indebtedness to him for work, labor, and services as real-estate broker performed at the request of defendant in the sale of the same property. Upon the face of the two complaints it might be questionable whether the latter action might not be for services other than procuring the purchaser, Havens; but all doubt upon the subject is dispelled by the affidavits of the plaintiff in that action, George R. Read, and his employe, William McAllister. In those affidavits they show that Read sues for the "usual brokers' commissions for the sale of the house" to the purchaser above named. They swear to the employment and to effecting the sale, and Read says that his claim is for the usual brokers' commissions for the sale of the premises mentioned. With such affidavits, it is impossible to deny that both claimants are after the same commission or debt. The learned judge at special term has decided upon the pleadings only, but these are controlled by the positive affidavits of the parties showing that, whatever vagueness there might be in the complaint of Read, his demand is the same as that of the plaintiffs in this action. It is urged that the defendant knows which party is entitled to the commission; but, in the nature of things, the owner of the premises cannot know that. The transactions of the purchaser were not had in his presence, and he can have but an opinion based upon information. Such an opinion he expresses in a letter to these plaintiffs, in which he states the facts he knows, and then concludes that the plaintiffs are not entitled to the commissions. But the merits of the respective claimants can only be ascertained when the two claimants adduce their proofs before a jury, as against each other, and this interpleader should therefore be allowed. It is urged as a reason for denying this motion for interpleader, that the claimant Read has begun an action in the superior court. No interference with that action will result from the order now applied for. The defendant here will pay into court the fund in dispute, and leave the two brokers to contest their right to it. That will leave him still subject to the jurisdiction of the superior court, to which he must apply for any relief it may deem proper to grant him. The action in this court was the first one brought. Had the superior court acquired jurisdiction first, I

should be in favor of withholding the interpleader in this action until a similar motion had been submitted to the court, as I think the application should be first made in the tribunal in which the defendant is first sued, and, if made in good faith, should be granted. To hold otherwise, and decide that, where the claimants have sued in different tribunals, an insuperable objection to interpleader is presented, would enable claimants in every case to nullify the statute of interpleader, and prevent the exercise by the courts of the discretion vested in them by the legislature for the ends of justice. The order should be reversed, and the motion for interpleader granted.