sufficient to maintain the plaintiff's action? I think not. So far as it brought into the litigation a new and different cause of action, the order, whether proper or not, is undoubtedly effective. But, when that cause of action is presented on the trial for determination as to its sufficiency, it seems to me to be subject to any objection that could have been taken had it been declared upon originally. Had the time of the plaintiff to serve the complaint been extended to the date at which he served this amended complaint, the action could not have been maintained. The same would have been the case had the defendants voluntarily given the plaintiff permission to serve an amended complaint. I cannot see that the order of the court can have any greater effect on the pleading than the consent of the defendants would have had. The plaintiff having failed to establish a cause of action existing at the time he commenced the suit, his complaint was properly dismissed, but the direction that the dismissal should be on the merits was erroneous.

The judgment should be modified by striking out the direction as to the merits, and, as modified, affirmed, without costs. All concur.

---

(25 App. Div. 141.)

BURRITT v. PRESS PUB. CO.

(Supreme Court, Appellate Division, Second Department. January 18, 1898.)

1. INTERPLEADER—RESPONSIBILITY OF ADVERSE CLAIMANT.
   While, on a motion for an interpleader, the irresponsibility of a party proposed to be interpleaded to respond in costs, in the event that he fails in establishing his claim, is not controlling, yet it is a circumstance to be considered, in connection with other facts.

2. SAME—COLLUSIVE CLAIM—DISCRETION OF COURT.
   In an action for a reward offered for information leading to the discovery and conviction of a thief, defendant moved for an order of interpleader, alleging a conflicting claim to the reward by a third party. This third party was in defendant's employ, he made no claim for more than a month after the action was begun, and defendant, though as well informed at first as afterwards, did not originally set up the existence of an adverse claim. Held, that a denial of the motion on the ground that the claim of the third party was collusive in a legal sense was not an abuse of the discretion vested in the court by Code Civ. Proc. § 820, relating to interpleader.

Appeal from special term.

Action by Carl T. Burritt against the Press Publishing Company. From an order denying a motion for an interpleader, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James W. Gerard, Jr., for appellant.
Ralph S. Rounds, for respondent.

HATCH, J. When this case was before us upon a former appeal, we held that the defendant's moving papers were insufficient upon which to base an order of interpleader. Burritt v. Publishing Co., 19 App. Div. 609, 46 N. Y. Supp. 295. The papers present-

ed upon the present motion are technically sufficient, and upon the allegations therein contained an order of interpleader could have been sustained. This fact is not, however, the sole test by which the right to the order is to be determined. The language of the Code (Code Civ. Proc. § 820) is that the court may, in its discretion, make such order, upon such terms as may be just. That the party against whom the conflicting claims are made is entitled to the order as matter of right is denied, not only by the provisions of the Code, but by authority of Barry v. Insurance Co., 53 N. Y. 536, and Taylor v. Satterthwaite, 2 Misc. Rep. 441, 22 N. Y. Supp. 187. This being the law governing motions of this character, and the court below having exercised its discretion in the matter, our authority and duty are limited to an inquiry as to whether the discretion has been abused. No question can arise but that the language contemplates a judicial discretion; and arbitrary action, unsupported by any reasonable basis, would be an abuse of such discretion.

The papers, which resulted in the order appealed from, disclosed that Corcoran, the person sought to be interpleaded, saw Meehan, who stole the proofs, at the desk where they were kept, the Saturday night before the reward, the subject of this controversy, was offered. On Monday morning following, Corcoran communicated what he had observed to one Monaghan, who was then in charge of the delivery department of defendant's newspaper. The latter communicated this information to Norris, who was the treasurer and business manager of the defendant. Norris states, in his affidavit, that this information was received prior to the communication made by Cook, plaintiff's assignor, and that he thereupon placed the matter in the hands of the police force of the city of New York, furnishing them with a description of the person whom Corcoran saw; and he adds that upon such information the party was arrested, through the efforts of Detective Sergeants Rynders and Evanhoe, of such police department, and Captain O'Brien, Chief of the Detective Bureau. Corcoran was, when he gave the information, and now is, in the employ of the defendant as a clerk; and the affidavit of Cook, read in opposition to the motion, states that he is informed that Corcoran is not of financial responsibility. This statement was reiterated upon the argument, and was not denied by the defendant. It is not shown or claimed that Corcoran ever did anything more leading to the arrest of Meehan than to report what he saw. So far as the papers disclose, he made no claim to the reward until he served his notice, and this was over a month after the action was commenced. While the affidavit of Norris states that the information leading to the arrest of Meehan came from Corcoran, and that the arrest was made through the efforts of the police, yet it is quite clear that such allegations are mere conclusions, and do not have the support of facts in the detail of what was done. The court below was authorized, upon the papers, to find that the defendant acted upon the information furnished by Cook, upon the understanding that such information was furnished for the purpose of earning the reward, and that in pursuance of such understanding it made use of Cook to furnish proof

upon which a warrant was issued for the apprehension of Meehan, and that by reason of the information which Cook gave to the detectives they were enabled to make the arrest, which was followed by a conviction. After this action was begun the secretary of the defendant denied under oath that Cook furnished any information leading to the arrest and conviction of Meehan, or that he complied with the conditions entitling him to the reward.

The defendant knew, when this action was brought, all that it now knows respecting Corcoran's connection with the matter; and the position which it then took was that it was not liable to Cook, as he had not given information which entitled him to the reward. No claim was made that any one else had earned it at that time. Corcoran was in its employ, and has since continued therein. But the defendant did not then insist, nor did Corcoran claim, that there was any liability to him. After denying positively any liability to Cook, and after more than a month had elapsed from the commencement of the action, Corcoran came forward with a claim. Considering the position first taken by the defendant, and the subsequent action of Corcoran, and his relation to the defendant, the court was authorized to say that the action of Corcoran in making the claim was collusive with the defendant, in the legal sense of that term. The affidavit of Norris upon that subject is not conclusive. It was made by an interested party, and the court had the right to disbelieve the statement, and reach a different conclusion upon the facts as they were disclosed. Such view has support in the affidavits presented to the court.

While the irresponsibility of the party proposed to be interpleaded to respond in costs, in the event he fails in establishing his claim, is not controlling, yet it is a circumstance which may be considered, in connection with the other facts. Williams v. Insurance Co., 8 N. Y. St. Rep. 567.

Taking all of the proof into consideration, we think a case was presented which authorized the court to make the order appealed from. It should, therefore, be affirmed, with $10 costs and disbursements. All concur.