### DAVID J. SACHSEL

v.

### J. HAMILTON FARRAR AND REUEL W. BRIDGE.

*Agency—Real Property—Sale of—Commissions—Claims for, by Two Agents—Interpleader—Answer.*

A bill of interpleader requiring two real estate agents to interplead as to which of them shall have certain commissions due upon the sale of a piece of land, each claiming to have made the sale, will not lie; the defense must be at law.

[Opinion filed January 22, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. FRANK H. GOIN, for appellant.

Mr. ARTHUR B. WELLS, for appellee Farrar.

No appearance for appellee Bridge.

GARY, P. J.   This is a bill of interpleader filed by the appellee Reuel W. Bridge, requiring the appellant and the appellee Farrar, to interplead as to which of them shall have the commissions to be paid by Bridge on a sale of real property owned by him, which each of them claims to have been effected through his exertions.

If either of them is entitled to commissions it is because of some contract he had with Bridge, and not because of anything that has happened between themselves. Neither of them claims by a title derived from the other. If Bridge has incautiously committed himself with both of them, he must make, at law, the best defense he can to the double claim. It is no case for an interpleader. 3 Pom. Eq., Secs. 1319 to 1329. The answer of the appellant denying the

278　　　Appellate Courts of Illinois.

Vol. 35.]　　Penn. Co. & Union Stock Yards, etc., Co. v. Ellett.

title to the relief prayed, and praying the same advantage of his answer as if he had demurred, saves the objection to the case made by the bill, even if a general answer would have waived it. Ryan v. Duncan, 88 Ill. 144.

The decree is reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded.*