Argued March 26, decided July 14, rehearing denied August 4, 1908.

## MAXWELL v. FRAZIER.

[96 Pac. 548; 18 L. R. A. (N. S.) 102.]

INTERPLEADER—GROUNDS OF RELIEF.

1. It is essential to the right to file a bill of interpleader, that there are two or more claimants to the fund in dispute, capable of interpleading and settling the matter between themselves. The issues must be between the defendants as to the right to the same specific fund, and not an issue with plaintiff as to separate claims against him, and there must by privity between the parties, such as privity of estate, title, or contract, and the claims must be of the same nature and character.

SAME.

2. One employing, under separate contracts, two real estate agents to procure a purchaser of real estate cannot, on a sale being effected, maintain a bill of interpleader to require the two agents to interplead as to which is entitled to commissions for the sale.

SAME.

3. Where a bill of interpleader is filed, the practice is first to determine whether it will lie, and if it will, complainant, on bringing the property in dispute into court, is discharged from further liability, and issues cannot be made against him, except whether the case is a proper one for interpleader, and the court will require defendants to interplead and litigate their respective rights to the fund in dispute.

EQUITY—JURISDICTION—WAIVER OF OBJECTIONS.

4. Under Section 72, B. & C. Comp., providing that where no objection is taken by demurrer or answer, defendant waives the same, excepting only the objection to the jurisdiction of the court, etc., the objection of a total want of jurisdiction is not waived by answering to the merits; but, where a bill in equity makes a case within the general field of equitable jurisdiction, the absence of any condition which may defeat the jurisdiction, if seasonably raised, may be waived, provided it is competent for the court to grant the relief sought, and it has jurisdiction of the subject matter. · ·

INTERPLEADER—JURISDICTION—WAIVER OF OBJECTIONS.

5. The failure of defendants in a bill of interpleader, which does not state a cause of action within equitable jurisdiction, to raise the question of want of jurisdiction before answering to the merits, is not a waiver of the objection of want of jurisdiction.

COSTS—COSTS ON APPEAL.

6. In a bill of interpleader defendants did not question plaintiff's right to the bill, but proceeded to join issues against him, and obtained two judgmdnts against him for debt. The court was without jurisdiction. *Held*, that plaintiff, appealing from the judgments, was entitled to his costs and disbursements in the Supreme Court.

From Marion:  GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE EAKIN.

The plaintiff, I. N. Maxwell, desiring to sell certain real estate situated in Salem, Oregon, in the month of February, 1906, contracted with the defendant, P. L.

Frazier, as a real estate agent, to find for him a purchaser for said property, at the price of $2,650, for the agreed compensation to Frazier of $50, and about the same time made a similar contract with defendant, Fred Hurst. The latter, however, alleges, and the trial court found, that the compensation to him was not fixed by the contract, but was to be the reasonable value of the services. On August 2, 1906, plaintiff sold the property to Grant Corby for said sum, and admits that he owes the $50 commission, to one or the other defendant, for procuring the purchaser. He alleges that they are both claiming it, and that he is unable to determine, without hazard to himself, to which it belongs, and that they are both threatening to bring action against him therefor; and he brings this suit of interpleader without collusion with either of the defendants, and he tenders the said sum of $50 into court for the benefit of the successful claimant.

Defendant Frazier, by his answer to the complaint and a cross-bill against Hurst, admits all the allegations of the complaint, except he denies, on information and belief, the contract between plaintiff and Hurst, and alleges affirmatively that he procured Grant Corby as a purchaser for the said property, at the price specified; that he is entitled to the compensation therefor; that Hurst wrongfully pretends that he procured said purchaser, and is wrongfully claiming the said compensation; and further alleges that, by reason of the wrongful claim of Hurst, he has been compelled to defend this suit, and asks for his costs and disbursements against Hurst.

Defendant Hurst, by his answer, admits that plaintiff placed the property in his hands for sale, for which plaintiff agreed to pay him the reasonable value of his services if he should find a purchaser; admits that the sale was made, and denies the other allegations of the complaint, except as otherwise admitted in the answer. He also denies the cross-complaint of the defendant Frazier, and

alleges affirmatively that in October, 1905, the plaintiff employed him to find a purchaser for said real estate, at the said price of $2,650, for which he was to receive such compensation as the same was reasonably worth, and that he did procure Grant Corby as such purchaser at said price, and alleges that the reasonable commission for such sale is $116.25, and further says that Frazier did not find such purchaser, and that his claim for such commission is wrongful; and he asks for judgment against the plaintiff for the sum of $116.25, and for his costs and disbursements.

Defendant Frazier answers the cross-complaint of Hurst by denying the same. The case was tried upon these issues, and the court found, in substance, that plaintiff contracted with both defendants as alleged, except that he agreed to pay Hurst a reasonable compensation for his services, and that, by the joint efforts of defendants, Grant Corby was procured to purchase said property; that both of the defendants performed valuable services for plaintiff in procuring said purchaser, and that the reasonable value of Hurst's labor was $50, and that by agreement Frazier's compensation was to be $50, and gave judgment that each of the defendants recover from the plaintiff the sum of $50, and that neither party recover costs from the other; and the plaintiff appeals.

REVERSED: COMPLAINT DISMISSED.

For appellant there was a brief over the names of *John H. & Charles L. McNary,* and *Walter E. Keyes,* with an oral argument by *Mr. Charles L. McNary.*

For respondent there was a brief over the names of *Mr. George G. Bingham* and *Mr. Carey F. Martin,* with an oral argument by *Mr. Bingham.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Defendant Hurst first contends that this is not a proper case for interpleader; and this contention must be sustained if it has not been waived. "It is essential

to the right to file the bill that there be two or more claimants to the fund in dispute capable of interpleading and settling the matter between themselves:" 23 Cyc. 5. The issues must be between the defendants as to their right to the same specific thing or fund, and not an issue with the plaintiff as to separate claims against him. Mr. Justice WOLVERTON, in *North Pac. Lum. Co.* v. *Lang,* 28 Or. 246, 258 (42 Pac. 799, 803: 52 Am. St. Rep. 780), in discussing this remedy, and when it may be invoked, says: "One of the essential requisites to equitable relief by bill of interpleader is, that all the adverse titles of the respective claimants must be connected or dependent, or one derived from the other, or from a common source. There must be privity of some sort between all the parties, such as privity of estate, title, or contract, and the claims should be of the same nature and character. In cases of adverse independent titles or demands, actions to determine the rights of litigants must be directed against the party holding the property, and he must defend, as best he can, at law. * * Thus, where the only relation which the plaintiff sustains to the defendants is that he is the debtor of one of them, he cannot invoke the aid of an interpleader." To the same effect is 23 Cyc. 3-8.

2. In the case before us each of the defendants relies upon a separate contract with the plaintiff. There is no privity between them, but they are claiming on independent demands. Neither defendant is claiming the commission through any privity with the other. The plaintiff is not a stakeholder, but his liability to each of the defendants, if liable at all, is upon a personal contract; and the bill will not be entertained to try out a mere legal liability of the plaintiff to a defendant. Such is not the province of a bill of interpleader. The creditor is entitled to his remedy at law. A parallel case to the one at bar is *Sachsel* v. *Farrar,* 35 Ill. App. 277. The vendor of real estate filed a bill requiring two real estate

agents to interplead as to which was entitled to commissions for the sale; and it is held that, as their claims were upon independent contracts with the vendor, and not by title derived by one from the other, the vendor must make the best defense he can at law, and interpleader will not lie. In *Bank* v. *Bininger,* 26 N. J. Eq. 345, it is held that the true doctrine is that, in cases of adverse independent titles, the party holding the property must defend himself at law as best he can. *Hoyt* v. *Gouge,* 125 Iowa, 603 (101 N. W. 464), which is also a suit to require real estate brokers to interplead, is to the same effect. Also, see *Bank* v. *Skillings Lum. Co.,* 132 Mass. 410. Therefore the case was not a proper one for interpleader.

3. Where a bill of interpleader is filed, the practice is first to determine whether such bill will lie. If it will not, it is useless to go further. If it will, then, upon bringing the property in dispute into court, the complainant is discharged from further liability, with his costs to be paid out of the deposit, and issues cannot be made against him, except as to whether the case is a proper one for interpleader. But the court will require the defendants to interplead and litigate their respective rights to the fund in dispute. 23 Cyc. 31; *North Pac. Lum. Co.* v. *Lang,* 28 Or. 246 (42 Pac. 799: 52 Am. St. Rep. 780) ; *Newhall* v. *Kastens,* 70 Ill. 156; *Duke, L. & Co.* v. *Duke,* 93 Mo. App. 244.

4. Counsel for plaintiff insists, however, that defendant Hurst has waived his right to object to the jurisdiction of the court by answering to the merits, relying upon the cases of *Municipal Security Co.* v. *Baker County,* 33 Or. 338 (54 Pac. 174), and *Larch Mountain Inv. Co.* v. *Garbade,* 41 Or. 123 (68 Pac. 6), on the theory that defendant has answered to the merits and seeks affirmative relief. Section 72, B. & C. Comp., provides: "If no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same,

excepting only the objection to the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action." It has been frequently held that objection to the jurisdiction is never waived. This court said in *Evans* v. *Christian,* 4 Or. 375, that "When a question of jurisdiction presents itself in any stage of a proceeding, and it is discovered that the court has no jurisdiction, either over the parties or the subject-matter of the cause, it is the duty of the court, on its own motion, to refuse to proceed further." To the same effect are *State* v. *McKinnon,* 8 Or. 487; *Love* v. *Morrill,* 19 Or. 545 (24 Pac. 916) ; *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739: 93 Am. St. Rep. 732) ; *Kalyton* v. *Kalyton,* 45 Or. 127 (74 Pac. 491: 78 Pac. 332). "It is accordingly a well-settled and universally applied principle that consent of parties cannot confer upon a court jurisdiction which the law does not confer, or confers upon some other court, although the parties may, by consent, submit themselves to the jurisdiction of the court. In other words, consent cannot confer jurisdiction of the subject-matter, but it may confer jurisdiction of the person." 12 Pl. & Pr. 126.

5. In several cases in this court it has been held that the defendant had waived his right to object to the jurisdiction of the court when he had answered, without objection, to the jurisdiction, and had claimed affirmative relief. *Kitcherside* v. *Myers,* 10 Or. 21; *Municipal Security Co.* v. *Baker County,* 33 Or. 338 (54 Pac. 174) ; *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004; *Killgore* v. *Carmichael,* 42 Or. 618 (72 Pac. 637). But a distinction must be made between an entire lack of matter of equitable cognizance and cases within the field of equitable jurisdiction, in which an element essential to complete jurisdiction is lacking. In the former the objection is not waived by failure to interpose it at the proper time, but it is available at any stage of the proceeding; while in the latter, if the objection is not seasonably interposed,

it will be deemed to be waived. In such a case the subject of the controversy is equitable, and the relief sought such as equity alone can grant. This distinction is well stated in 16 Cyc. pp. 127, 128, where the authorities are collated. If the case is within the general field of equitable jurisdiction, the absence of any condition which might defeat the jurisdiction, if seasonably raised, may be waived, provided it is competent for the court to grant the relief sought, and it has jurisdiction of the subject-matter. The application of the doctrine of waiver in equity cases is practically restricted to cases of concurrent jurisdiction. This is the ground of the holding in *Kitcherside* v. *Myers,* 10 Or. 21, where it is held that the right of either party to the land in question is equitable, and the objection "that a court of equity would not take jurisdiction because the plaintiff had an adequate remedy at law" comes too late after answering. Mr. Chief Justice Lord in so holding says: "Our view is well expressed in *Creely* v. *Bay State Brick Co.,* 103 Mass. 515, in which the court say: 'An objection of this kind should have been made on demurrer, or at least should have been specifically relied upon in the answer, and not raised for the first time at the hearing upon pleadings which suggest no such ground of defense. Under such circumstances, the court could hardly do otherwise than retain the case, provided it is competent to grant relief, and have jurisdiction of the subject-matter, and of this we have no doubt.' " This is also true of *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004), a suit to remove a cloud upon the title to real estate, but in which case plaintiff was out of possession. Thus there was a remedy at law by ejectment to try the title. Mr. Justice Wolverton says: "This condition, however, can be waived by the parties, and if the court proceeds with the exercise of jurisdiction, it can grant the equitable relief appropriate in such cases." In *Municipal Security Co.* v. *Baker County,* 33 Or. 338 (54 Pac. 174), the relief sought was purely

equitable, but the defendant objected to the jurisdiction because plaintiff had an adequate remedy at law; and it was held that the objection was waived by answering to the merits. This is true also of *Killgore* v. *Carmichael,* 42 Or. 618 (72 Pac. 637). 1 Daniell's Ch. Pr. 555 (4th ed.), as quoted in *Reynes* v. *Dumont,* 130 U. S. 354, 395 (9 Sup. Ct. 486, 497: 32 L. Ed. 934), makes this same distinction: "If a defendant in a suit in equity answers and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff has a plain and adequate remedy at law. This objection should be taken at the earliest opportunity. The above rule must be taken with the qualification that it is competent for the court to grant the relief sought, and that it has jurisdiction of the subject-matter." In the case of *Reynes* v. *Dumont,* 130 U. S. 354, 395 (9 Sup. Ct. 486: 32 L. Ed. 934), the court say: "It was held in *Lewis* v. *Cocks,* 90 U. S. (23 Wall) 466 (23 L. Ed. 70), that, if the court, upon looking at the proofs, found none at all of the matters which would make a proper case for equity, it would be the duty of the court to recognize the fact and give it effect, though not raised by the pleadings nor suggested by counsel. \* \* The doctrine of these and similar cases is that the court, for its own protection, may prevent matters, purely cognizable at law, from being drawn into chancery at the pleasure of the parties interested; but it by no means follows, where the subject-matter belongs to the class over which a court of equity has jurisdiction, and the objection that the complainant has an adequate remedy at law is not made until the hearing in the appellate tribunal, that the latter can exercise no discretion in the disposition of such objection." *Kilbourn* v. *Sunderland,* 130 U. S. 505 (9 Sup. Ct. 594: 32 L. Ed. 1005); *Williamson* v. *Monroe,* (C. C.) 101 Fed. 322.

There is an entire absence of matter of equitable cognizance in the case before us; nor is the relief sought

such as is peculiar to equity, and to entertain jurisdiction and grant the relief that the facts might disclose to be proper would be to assume jurisdiction of an issue, purely legal, because not questioned by the defendant at the proper time. Where there is a total absence of matter of equitable cognizance, the objection of want of jurisdiction is not waived by answering to the merits.

6. Therefore the decree of the lower court is reversed, and a decree rendered here, dismissing the complaint. In this suit defendants did not question plaintiff's right to the bill, but proceeded to join issues against him as to his contractual relations; and thus obtained two judgments against him for debt. He was compelled to appeal; and therefore he should recover his costs and disbursements in this court, and neither party should recover costs incurred in the lower court.

REVERSED: COMPLAINT DISMISSED.