### MORGAN et al. v. KRAFT.

(Court of Appeals of District of Columbia. Submitted October 24, 1922. Decided December 4, 1922.)

#### No. 3804.

1. **Interpleader ⬤⟾6—Prerequisites to order stated.**

The four essential prerequisites to an order for interpleader are: The same debt or duty must be claimed by all parties against whom the relief is demanded; the adverse titles or claims must be dependent or derived from a common source; the person seeking the relief must not have any claim or interest in the subject-matter; and he must have incurred no independent liability to either of the claimants, but must stand in the position of a disinterested stakeholder.

2. **Interpleader ⬤⟾11—Vendor held not entitled to have brokers interpleaded as to right to commission.**

Where vendors of property, who had listed it with one broker for sale, thereafter agreed to pay the commission to another broker, who brought purchasers to examine the property, without informing the vendors that such purchasers had been first interested in the property by the other broker, the vendors were not entitled to require the two brokers to interplead as to their right to the commission, since the rights arose from separate contracts, and the vendors were bound by separate contracts to each broker and might be liable on both.

3. **Pleading ⬤⟾8(5)—Denial of liability without denial of substantial facts is concluson only.**

In an affidavit of defense, the denial of liability on the cause of action set out in the declaration, without a denial of any of the substantial facts recited therein, is no more than a legal conclusion, and raises no issue on which defendants are entitled to a trial.

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. Brokers ⊚⇒82(2)—Affidavit of defense in action for commission held insufficient.

In an action for a broker's commission, an affidavit of defense that the attention of the purchaser was first attracted to the property through the efforts of another broker, which fact was unknown to the defendants when they closed the transaction and agreed to pay plaintiff's commission, does not state a defense against recovery by the broker suing.

5. Pleading ⊚⇒160—Affidavit of interpleader subsequently stricken cannot be considered in determining sufficiency of affidavit of defense.

In an action for a broker's commission, where the court first required an interpleader between two brokers claiming the commission, but subsequently vacated the order for interpleader, and thereby impliedly struck out the affidavit of interpleader filed by the other broker, that affidavit could not be considered in determining the sufficiency of the owner's affidavit of defense.

In Error to the Municipal Court.

Action by W. B. Kraft, doing business as W. B. Kraft & Co., against James R. Morgan and another, to recover a broker's commission. Judgment for plaintiff, after an order requiring interpleader between the plaintiff and Martin Webb had been vacated, and defendants bring error. Affirmed.

Joseph T. Sherier, of Washington, D. C., for plaintiffs in error.

Dan Thew Wright and Philip Eshler, both of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This case was begun in the municipal court, with W. B. Kraft as plaintiff, and James R. Morgan and Florence M. Morgan as defendants. The plaintiff alleged that he was a real estate agent doing business in the District of Columbia, and that in December, 1921, the defendants employed him to sell certain real estate, agreeing to pay him a commission of $250 in case he made sale thereof; that he succeeded in procuring an acceptable purchaser for the property in the person of one John A. Hammer; and that defendants thereupon sold and conveyed the premises to Hammer, at the same time agreeing in writing to pay plaintiff the commission of $250 for his services in the transaction. He prayed judgment for that sum, alleging a default of payment by the defendants.

Thereupon the defendants filed affidavits praying for an order of interpleader under section 1531 of the District Code, averring therein that, prior to the transactions described by the plaintiff, they had authorized one Henry Johnson as an agent to seek a buyer for the said premises; that Johnson was associated in the business of selling real estate with one Martin Webb, and that Webb thereupon advertised the property for sale; that the advertisement came to the attention of said Hammer, the ultimate purchaser, who then came to Webb's office, and in his absence secured information from Johnson concerning the property, and thereupon visited and inspected it; but that afterwards Hammer was brought by the plaintiff, Kraft, to the defendants as a pur-

chaser secured by him for the property, and the defendants then agreed to pay the stipulated commission to Kraft, not knowing that it was Webb who had in fact induced Hammer to become interested in the property. The defendants further alleged that, without collusion, Webb now claimed to have actually produced the purchaser by means of the advertisement and information aforesaid and to be entitled to the commission, and had demanded payment of the same, and that defendants were advised by counsel that they could not safely pay the commission to either claimant without a decision of the court' upon their conflicting claims, the defendants being ready and willing to pay the commission as the court might direct. They therefore prayed that Webb be made a party in the case, and required to interplead with Kraft' for said commission.

Acting upon this application the court ordered that Webb appear and maintain or relinquish his claim against the defendants. Thereupon Webb filed an affidavit in the case, setting up his claim consistently with the foregoing statements of the defendants, but alleging furthermore that, when Hammer went to look at the property in question, after receiving information concerning it from Johnson, he met there with an agent of Kraft, who had been attempting to sell another piece of property to Hammer; and that Hammer then told the agent concerning his interest in the present premises, and of the fact that he had become interested in them through the efforts of Webb; that at that time Kraft did not have this property listed with him for sale, but nevertheless he went with Hammer to the defendants, and persuaded defendants to sell the property to Hammer, and to agree to pay him, Kraft, the commission of $250, although at the time defendants were fully informed by Hammer of the fact that his attention had been called to the property and he had become interested in it through the efforts of Webb.

But afterwards, on motion of the plaintiff, the court vacated its former order requiring Webb to appear and plead in the case, and judgment was entered for the plaintiff, Kraft, as demanded in his declaration. Before the judgment was entered, however, the defendants by leave filed an Affidavit of Defense, which was substantially identical with their affidavits already on file in the case. However, they were not granted a trial thereon; the judgment being entered against them, notwithstanding the affidavit. The plaintiffs in error now complain that it was error for the lower court to refuse to require an interpleader as prayed for by them, and furthermore that it was error to render judgment against them without a trial upon their affidavit of defense.

[1] The first question, therefore, is whether the municipal court erred in refusing to require an interpleader between Kraft and Webb, as demanded by defendants below. Upon a consideration of this question we conclude that this was not error. In Pomeroy's Equity, § 1322, four conditions are named as essential prerequisites to an order for interpleader. They are as follows: (1) The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded. (2) All their adverse titles or claims must be de-

pendent, or be derived from a common source. (3) The person asking the relief—the plaintiff—must not have or claim any interest in the subject-matter. (4) He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder.

[2] It seems to us that the demand of the defendants below for an interpleader did not respond to any one these four requirements. The claims set up, respectively, by Kraft and Webb, were not for the same thing, debt, or duty, for they arose from separate and individual contracts, which had created separate and individual rights and obligations. Nor were the claims dependent or derived from a common source, for, although both claims were asserted against the same persons, there was nevertheless no privity between either the claims or the claimants. Nor can it be said that the defendants below had not incurred any independent liability to either of the two claimants, or that they stood in a position of mere stakeholder between them, for the defendants in fact were bound by separate contracts with the respective claimants, and under the circumstances they may have become indebted to each of them. And certainly the full extent of their liability at law to the claimants could not be litigated by means of an application for an order of interpleader. Such a procedure in this case would necessarily have implied that the several claimants were relegated to a contest inter sese against an assumed fund of $250, and were to be denied personal actions at law against the defendants below upon their several contracts with them. It would also have implied that the allowance of one claim would necessarily forbid an allowance of the other. Such a result, however, could not be justified, for the claimants had a right to litigate their several claims in a court of law, and to insist upon a trial at law in each instance.

A multitude of authorities might be cited in support of the foregoing statements, but we will content ourselves with some which relate, like the present case, to commissions for the sale of real estate. In Maxwell v. Frazier, 52 Or. 183, 96 Pac. 548, 18 L. R. A. (N. S.) 102, the plaintiff filed a suit for an interpleader, alleging that he had sold certain real estate, and was indebted to one or the other of two real estate agents, in the sum of $50 as commission in the transaction; that both agents claimed the commission and threatened to bring action therefor; that he was unable to determine, without hazard to himself, to which it belonged. The court denied the prayer for an order of interpleader, on grounds stated as follows in the syllabus:

"(2) One employing, under separate contracts, two real estate agents to procure a purchaser of real estate cannot, on a sale being effected, maintain a bill of interpleader to require the two agents to interplead as to which is entitled to commissions for the sale."

In the opinion Eakin, J., said:

"In the case before us each of the defendants relies upon a separate contract with the plaintiff. There is no privity between them, but they are claiming on independent demands. Neither defendant is claiming the commission through any privity with the other."

In Sachsel v. Farrar et al., 35 Ill. App. 277, the syllabus reads:

"A bill of interpleader requiring two real estate agents to interplead as to which of them shall have certain commissions due upon the sale of a piece of land, each claiming to have made the sale, will not lie; the defense must be at law."

In the opinion Gary, P. J., said:

"If either of them is entitled to the commissions it is because of some con-, tract he had with Bridge, and not because of anything that has happened between themselves. Neither of them claims by a title derived from the otner. If Bridge has incautiously committed himself with both of them, he must make, at law, the best defense he can to the double claim. It is no case for interpleader."

In Hoyt v. Gouge, 125 Iowa, 607, 101 N. W. 465, the court denied a bill for interpleader in a case wherein the plaintiff had listed his lands for sale with each of two defendants, and each claimed to have produced the purchaser, and to be entitled to the agreed commission; the plaintiff alleging that he could not pay either without danger of liability to the other, and that he was ready to pay the party found entitled thereto. In dismissing the bill the court said:

"We base our conclusion, however, on the broad proposition that these defendants are claiming under distinct and independent contracts, and on the further thought that their claims are not for the same thing or necessarily in conflict. Payment of one claim would not extinguish the other."

A similar ruling was made in Taylor v. Satterthwaite, 2 Misc. Rep. 441, 22 N. Y. Supp. 187. It is true that the procedure reported in the case of Lewis v. McDonald, 83 Neb. 694, 120 N. W. 207, appears to furnish authority for the opposite rule. In that case an interpleader was ordered for the trial of the conflicting claims of different real estate agents for the same commissions, and a trial was had between the claimants, and judgment was entered. But no objection to the interpleader was raised in the case, and therefore that point was not discussed nor specifically passed upon.

[3-5] As for the second question presented by the plaintiffs in error, namely, whether they should have been granted a trial upon their Affidavit of Defense, we observe that this point is not discussed in the brief filed in this court on their behalf. Nevertheless we have considered the question, and are convinced that the lower court's ruling was not erroneous in that particular; for, while the affidavit contains a denial of liability upon the cause of action set out in the declaration, nevertheless it does not deny any of the substantial facts which are recited therein, and the denial is therefore no more than a legal conclusion. The only additional fact pleaded by way of avoidance in the affidavit of defense, is that the attention of the purchaser was first attracted to the property through the efforts of Webb. It is stated however that this fact was unknown to the defendants below when they closed the transaction, and it is not claimed in the affidavit that it was then known to Kraft. The general denial, therefore, becomes merely an erroneous conclusion from the conceded facts, and does not raise an issue of fact which was entitled to a trial. It need hardly be said that the averments contained in the affidavit filed by Webb, which

was afterwards impliedly stricken from the files, cannot be considered ·in passing upon the sufficiency of the affidavit of defense now in question.

We hold, therefore, that the judgment below was not erroneous in any particular; and it is accordingly affirmed, with costs.