Common Pleas Court of Hamilton County.

THE WILLIAM V. EBERSOLE COMPANY v. JULIUS PAYTON.

Decided November 2, 1933.

*Joseph W. O'Hara,* for the motion.

*Peck, Shaffer & Williams, J. W. Conroy,* and *A. Riesenberg, contra.*

DARBY, J.

The action against the defendant is to recover a real estate commission based upon a contract in writing, under date of August 28, 1933, in which defendant agreed to pay four per cent commission for the sale of property.

The petition alleges that on August 28, 1933, plaintiff procured the purchaser (Pickering Hardware Co.) who bought the property at 440 Main St. for $100,000 within the time limit in said contract.

The defendant has not answered, but moved the court for an order of interpleader and filed an affidavit under Section 11265, General Code, which sets forth that—

"The Closterman-Fast Realty Company makes a claim to said sum of four thousand dollars as a commission for the same sale of the leasehold interest of said defendant above referred to, being the same sale relied upon by

plaintiff for its commission, as is more fully set forth in the petition herein."

Statements of lack of collusion are made in the affidavit, and—

"that defendant has no interest in said sum except to pay the same to the person or party rightfully entitled thereto."

Said defendant further states in the affidavit that he "is ready and willing to pay or dispose of said sum as this court may direct, and hereby offers so to do, in order that said claimant may interplead and settle their claims between themselves."

Defendant prays an order that the Closterman-Fast Realty Company appear within a reasonable time and maintain or relinquish its claim against defendant,

"and discharging defendant from all liability to said claimants or either of them upon its compliance with such order of this court."

Section 11265, General Code, provides that in case an order to appear is made as provided, the person against whom it is made—

"shall be allowed to become defendant in the action in lieu of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action, upon his compliance with the order of the court for its payment, deposit or delivery."

On the hearing of the motion, evidence was offered by defendant that the Closterman-Fast Realty Company had filed a claim with him, which appears not to be upon an express contract, but upon an implied contract.

The plaintiff objected to the interpleader on the ground that its claim is based exclusively upon the contract with it, set forth in the petition, and that the Closterman-Fast Realty Company is not interested in plaintiff's contract, and that any claim which the Closterman Company has is entirely independent of plaintiff's claim, and if it exists, is as a separate and independent liability of the defendant.

There is a lack of harmony of the authorities upon the question as to whether statutory interpleader is a proper procedure under the facts stated in this case.

The latest decision called to the attention of the court is

*Morgan* v. *Kraft*, 285 Fed., 906, in which two real estate agents were claiming a commission for the sale of premises of the defendant, who procured an order of interpleader, which, however, was subsequently vacated. The court laid down the following rules applicable to such case:

"1. The four essential pre-requisites to an order of interpleader are: The same debt or duty must be claimed by all parties against whom the relief is demanded; the adverse titles or claims must be dependent or derived from a common source; the persons seeking the relief must not have any interest or claim in the subject matter; and he must have incurred no independent liability to either of the claimants, but must stand in the position of a disinterested stakeholder.

"2. Where vendors of property, who had listed it with one broker for sale, thereafter agreed to pay the commission to another broker, who brought purchasers to examine the property, without informing the vendors that such purchasers had been first interested in the property by the other broker, the vendors were not entitled to require the two brokers to interplead as to their right to the commission, since the rights arose from separate contracts, and the vendors were bound by separate contracts to each broker and might be liable on both."

In the opinion of the court on page 909 appears the following:

"It seems to us that the demand of the defendants below for an interpleader did not respond to any one of these four requirements. The claims set up, respectively, by Kraft and Webb, were not for the same thing, debt or duty, for they arose from separate and individual contracts, which had created separate and individual rights and obligations. Nor were the claims dependent or derived from a common source, for, although both claims were asserted against the same persons, there was nevertheless no privity between either the claims or the claimants. Nor can it be said that the defendants below had not incurred any independent liability to either of the two claimants, or that they stood in a position of mere stakeholder between them, for the defendants in fact were bound by separate contracts with the respective claimants, and under the circumstances they may have become indebted to each of them. And certainly the full extent of their liability at law to the two claimants could not be litigated by means of an application for an order of interpleader. Such a procedure in this case would necessarily have implied that the several claim-

ants were relegated to a contest *inter sese* against an assumed fund of $250.00, and were to be denied personal actions at law against the defendants below upon their several contracts with them. It would also have implied that the allowance of one claim would necessarily forbid an allowance of the other. Such a result, however, could not be justified, for the claimants had a right to litigate their several claims in a court of law, and to insist upon a trial at law in each instance."

Many cases are referred to as sustaining the opinion of the court, among them: *Maxwell* v. *Frazier*, 52 Ore., 183, 96 Pac., 548; *Sachsel* v. *Farrar, et al.*, 35 Ill. App., 277: *Hoyt* v. *Gouge*, 125 Ia., 607, 101 N. W., 465; to which further separate reference will not be made.

Attention is called to a note in 10 L. R. A. (N. S.), 758, in which many authorities are cited to sustain the proposition that—

"The general rule is that where the party seeking interpleader is under an independent contractual relation with one of the adverse claimants, interpleader will be denied."

The same note contains authorities for the position that where a deposit or fund is the subject of claims by different persons, interpleader is a proper procedure.

The Supreme Court of Ohio, in *State* v. *Guaranty Co. et al*, 107 O. S., on p. 16 recognizes the pre-requisites for interpleader as set forth in *Morgan* v. *Kraft, supra,* and which are taken from 4 Pomeroy's Equity Jurisprudence (4 Ed.) Section 1322, and it points out that the claim for interpleader in the case under consideration violated each and all of the essential conditions of the interpleader, and on p. 17 the court say:

"In Story's Equity Pleadings (10 Ed.), Section 293, it is said: 'Where the claimants assert their rights under adverse titles, and not in privity, and where their claims are of different natures, the bill is wholly unmaintainable.' "

The defendant relies upon *First Natl. Bank of Cadiz* v. *Beebe*, 62 O. S., 41, but it seems clear from a consideration of that case that there were separate claimants to a particular fund which was the distributive share of the defendant in an estate to which the wife of the defendant made claim as owner of the share of the defendant, and the money which was due to him from the estate. It was

held that that was a proper case for interpleader because there was one fund, and there was no claim or suggestion that in that case there were any claimants to the fund as to whom there was any independent liability. The bank claimed the fund on execution to satisfy its judgment, the wife of the judgment debtor claimed it as the owner of the legacy, and of any amount due to her husband from the estate.

The case of *Franklin Bank* v. *City of Cincinnati,* 8 O. N. P., 517 is also relied upon by the defendant. That was a case in which the bank sought to recover from the city of Cincinnati and contractors on public works upon an assignment by the contractor of part of his claim. In that case the court held:

"4. Where plaintiff alleges in his petition the whole amount due on a contract, and prays judgment for a part of it, and there are conflicting claims to the whole amount due, the defendant may, under Section 5016 R. S. (Section 11265, General Code), pay such amount into court and obtain an order requiring the claimants to interplead in the action and set up their different claims thereto."

In this case the city was responsible on one contract and one only to the contractor, and since in addition to the plaintiff's claim there were sub-contractors and other claimants, seeking satisfaction out of the balance due the contractor from the city, there seems to have been no question, and no question was raised as to any independent liability on the part of the city except to the original contractor under the contract.

*Waters* v. *Corlett, Admrx.,* 123 O. S., 632 seems to be important only in the fact that where there is a fund as an insurance fund, and several claimants to it, equitable interpleader is a proper proceeding.

The defendant also called attention to two cases which are directly in conflict with those heretofore cited.

*Shipman* v. *Scott,* 14 Daily's Rep., 233 was decided by the Court of Common Pleas of New York county on an appeal from the general term of the City Court of New York. It was held:

"In an action by a broker to recover commission on a sale of defendant's property, defendant is entitled to an interpleader where another broker claims commission for

a sale to the same purchaser. The fact that the brokers induced such purchaser to enter into different contracts is immaterial; if the contracts were inconsistent the purchaser could not have followed both, and the determination of which contract was the one followed would determine which broker procured the sale, which is the question to be tried."

It may be said that the claim here is that there was a written contract with the plaintiff, which plaintiff claims to have fully executed, and at the same time the other claimant asserts its right to recover not the same money, but an equal amount, by reason of its services to the defendant. As said in one of the cases, it may very well be that by his actions the defendant has made himself liable upon two separate and distinct contracts.

*Brooke et al* v. *Smith, et al,* 2 Penn. Dist. Rep., 767 was a similar case, and it was held there:

"Where two brokers make claims against the vendor of real estate for commissions on the same sale, and the vendor acknowledges the commissions are due to one or the other of them, the court will allow the vendor to pay the money into court and grant a rule of interpleader between the brokers."

The case of *Crane* v. *McDonald,* 118 N. Y., 648 was an action for interpleader. The plaintiff held the sum of $808.00 due upon a contract to one Graves. The defendant, McDonald, mother of Graves, claimed the same as assignee of the latter's interest, for which she had brought an action. The defendant Goodrich claimed that he had an attorney's lien on the money referred to, upon which he had levied. The court in that case held that this was a proper case for interpleader. It is clear that there was a specified sum, which the plaintiff held in his hands, and the claimants to this identical sum were the assignee of plaintiff's creditor and the other person claiming it was an attorney who claimed a lien on the identical property. In the opinion on p. 657 the court say:

"The plaintiff held the money to discharge the debt substantially as a stakeholder, having no beneficial interest therein, and having no independent liability to either claimant. He does not deny the title of Mrs. Graves but affirming it places himself upon the uncertainty as to which of the two persons claiming from her is entitled to receive the fund."

The greater weight of authority supports the view that where there may be individual responsibility of the defendant to one of the claimants, interpleader is not a proper procedure.

The statute provides that upon the claimant coming into court and filing his claim, he shall become defendant in lieu of the original defendant, "who shall be discharged from all liability to either of the other parties in respect of the subject of the action upon his compliance with the order of the Court for its payment, deposit or delivery."

In this case there are two claimants for $4,000.00, one basing his claim upon express and the other implied contract, and not shown to be in any wise related to one another. Were the interpleader allowed, and the defendant discharged what would be the position of the parties, if subsequently, the court should find that each of the two claimants is entitled to recover from the defendant $4,000.00? He will have been discharged from all liability, not be in court as a party, and yet be held to be liable under both alleged contracts for the full amount claimed by either party.

Parties should not be vexed by unnecessary litigation, but if they make themselves liable to two individual claims relative to the same general subject matter, there is such a situation as the court is powerless to relieve.