[Civil No. 4258. Filed February 24, 1941.]

[110 Pac. (2d) 550.]

ARTINA W. SCHWARTZ, Appellant, v. ODIN B. DODD, J. BOLIVAR SUMTER, BEN B. MATHEWS, and RALPH W. BILBY, Appellees.

Messrs. Krucker & Fowler, of Tucson, Arizona, and Mr. John M. Schwartz, of Los Angeles, California, for Appellant.

Mr. Odin B. Dodd, Appellee, *in Propria Persona.*

Mr. J. Bolivar Sumter, Appellee, *in Propria Persona,* and by Messrs. Stuckmeyer & Flynn.

Mr. Ben B. Mathews, Appellee, *in Propria Persona,* of San Diego, California.

Mr. Ralph W. Bilby, Appellee, *in Propria Persona.*

LOCKWOOD, C. J.—This is an action by Artina W. Schwartz, hereinafter called plaintiff, to recover $2,500 from Odin B. Dodd, J. Bolivar Sumter, Ben B. Mathews and Ralph W. Bilby, hereinafter called defendants, for money had and received by defendants for the benefit of plaintiff. The case was tried to the court sitting with a jury, and at the end of plaintiff's case the court instructed a verdict in favor of defendants, and from the judgment rendered this appeal was taken.

In order that the issues may be clearly understood the statement of facts comprises not only matters appearing in the record of this particular appeal but also those appearing in the record of *Durham* v. *Firestone Tire & Rubber Co.*, 47 Ariz. 280, 55 Pac. (2d) 648, and *Schwartz* v. *Durham*, 52 Ariz. 256, 80 Pac. (2d) 453. We consider the record in these particular appeals under the rule laid down in *Stewart* v. *Phoenix National Bank*, 49 Ariz. 34, 64 Pac. (2d) 101. The undisputed facts as shown by the record in all of these cases are as follows:

Plaintiff and M. H. Durham were married on November 12, 1919, and up to 1931 were husband and wife. During their marriage they acquired certain community property, among it being a gas filling station in Tucson. In December, 1929, Durham entered into a contract with the Firestone Tire & Rubber Company of California, hereinafter called the rubber company, involving various matters, among which was the purchase by Durham of 200 shares of stock in a subsidiary of the rubber company. Thereafter plaintiff filed action for divorce against Durham. Before it was heard the parties made an agreement in which they attempted to settle their community property rights. By virtue thereof plaintiff conveyed to Durham her interest in the 200 shares of stock above re-

ferred to, which agreement of settlement was made a part of the decree of divorce rendered on November 10, 1931. At the time this decree was rendered neither plaintiff nor Durham had the slightest idea that the community had any cause of action against the rubber company on account of the transaction in which the stock was purchased. Some six months after the divorce, however, the rubber company brought suit against Durham under his contract. His attorneys suggested that perhaps he might have a cause of action against the rubber company for damages for fraud arising out of the transaction. In answering the complaint of the rubber company he, therefore, set up in a cross-complaint such a cause of action. Judgment was rendered for the rubber company and Durham appealed. We held that on the record there was a case in behalf of Durham on his cross-complaint which should have been submitted to the jury, and sent the case back for a new trial. In the meantime plaintiff had married a Los Angeles attorney, John B. Schwartz, and upon learning of the decision of this court, he suggested to plaintiff that she had an interest in any judgment which Durham might recover, on the theory that the cause of action set up by Durham was community property and the divorce decree which embodied the property settlement above referred to did not include this cause of action, so that under many decisions of this court she still had a half interest in it as a tenant in common. She then went to Tucson and consulted with defendants Dodd and Sumter. These two attorneys had undertaken the handling of Durham's suit on a fifty per cent. contingent fee, and plaintiff was informed of that fact and was asked whether she would ratify such an agreement, to which she replied that she would and signed a document approving it. They had entered into a tentative agree-

ment with the rubber company for a settlement of Durham's action for $5,000, and informed plaintiff that it would require her as well as Durham to execute a settlement and release. She, therefore, voluntarily did so, and the $5,000 was paid by the rubber company through a check made payable to the order of Conner & Jones, its attorneys, and endorsed by the latter to "Odin B. Dodd, attorney for M. H. Durham and Artina W. Schwartz." This check was cashed by Dodd. He took $2,500 of the money received and paid to defendants Mathews and Bilby the amount which he and Sumter had agreed to pay them for their assistance in trying the Durham case, being $833.33, and divided the remainder between himself and Sumter. He did not, however, divide the remaining $2,500 equally or at all between Durham and plaintiff, but notified her that Durham claimed he was entitled to the entire amount and that she had no interest therein. She, of course, protested most vehemently, and Dodd then gave Durham half of the $2,500 and paid the remaining $1,250 into court and interpleaded plaintiff and Durham in regard thereto. In this interpleader suit plaintiff was represented by Robert C. Parnell, a reputable attorney of this bar, and Durham was represented by Mathews and Bilby. The interpleader suit was tried and the trial court decided in favor of Durham on the ground that the agreement and divorce decree above referred to transferred to him all of plaintiff's interest in the cause of action in which the money involved herein was recovered. Plaintiff promptly appealed to this court, and we held, in *Schwartz* v. *Durham, supra,* that the agreement and decree did not carry her community interest in the cause of action, but that she was a tenant in common with Durham in it. It appears, however, that when she appealed from the decision in the interpleader ac-

tion she did not give a *supersedeas* bond, and Durham, therefore, applied to the trial court for the money on deposit with it and it was paid to him, the result being that when judgment was entered in her favor against Durham, under the mandate from this court, there was no money in the superior court of Pima county out of which she could make her judgment, and apparently Durham was judgment proof. Thereafter this action was filed.

In the trial plaintiff showed the receipt by defendants of the various sums above set forth; that she had never received any of the $5,000, and the entire record in the interpleader case was also put in evidence. The court directed a verdict on the ground that the judgment in the interpleader action was a final, valid and subsisting judgment and barred plaintiff's claim against the defendants and each of them.

There is sharp conflict in the evidence as to what occurred between plaintiff and defendants Dodd and Sumter when she came to Tucson, approved the contract for the fifty per cent. contingent fee and signed the release. Plaintiff testified, in substance, that she stated to them that she intended to intervene in the action against the rubber company in order to protect what she believed to be a one-half interest therein; that they informed her that they knew she had this interest and had been expecting her to make an effort to protect it, and that if she intervened she might upset a pending settlement with the rubber company, but that if she would approve of the contingent fee agreement and sign a release they would represent her as her attorneys and see that her interest in the settlement was protected, and that she, believing and relying on these statements, executed the release and approved the contingent fee agreement. If her statement is true, they were just as much her representatives

from that time on in the handling of the settlement and any funds received thereunder as they were attorneys for Durham, and were bound to protect her interest therein with just as much energy and good faith as they did that of their other client. However, the record shows that at the trial of the interpleader they repudiated any claim that they represented her or that they had told her she had an interest in the cause of action at or near the time of the settlement, and stated in substance that they believed at all times she had no interest therein, but merely secured her assent to the release and contingent fee agreement in order to satisfy the rubber company and protect their fee.

After plaintiff secured her decree of divorce from Durham her interest in the cause of action against the rubber company was that of a tenant in common and Durham had no more right to bind it by an agreement to pay a specified attorney's fee than he would to bind the right of any other tenant in common. His agreement to pay a fifty per cent. contingent fee to defendants Dodd and Sumter could, therefore, only affect his half interest in the final settlement of the action and any claim of theirs upon her interest was dependent entirely upon their making a new contract with her. It is admitted that they secured such a contract whereby she agreed that half of her interest in the settlement should be paid to them. If her story is to be believed, the only consideration therefor was their services as attorneys in protecting her interest in the settlement, and if they failed to do their duty in that respect they were certainly entitled to no fee from her, for an attorney may not contract to perform services for his client and then collect a fee when he deliberately or negligently fails to perform them. The question then is (a) Is there evidence that

defendants Dodd and Sumter did agree to represent her as attorneys, and (b) if so, did they perform their duty in that respect?

So far as (a) is concerned, we think her testimony and the endorsement on the settlement check was ample to take the issue to the jury. Assuming that issue to be determined in favor of plaintiff, did they perform their duty so as to be entitled to retain their fee? Admittedly there was a *bona fide* dispute between plaintiff and Durham as to whether she was entitled to receive any of the proceeds of the settlement remaining after the contingent fee was deducted. Such being the case, Dodd, who held those proceeds, took the proper course in paying them into court, even if he and Sumter were her attorneys. So far as accounting further for that sum is concerned, we think this action cannot be sustained. But this does not necessarily determine the issue as to the amount retained as attorney's fee by Dodd under his agreement with plaintiff. From the time the dispute arose as to the division of the net proceeds between plaintiff and Durham, it was the duty of both Dodd and Sumter to confine their activities in the matter to that of impartial and truthful witnesses as to any facts connected therewith, without any attempt to help or hinder either plaintiff or Durham in their dispute. If plaintiff's story of their employment by her is to be believed, their conduct on the stand failed to conform with this duty, for they not only denied they had ever been employed by her but stated that they never informed her she had any legal interest in the proceeds of the settlement. If she told the truth, they did not, and certainly an attorney may not testify untruthfully against a client and then retain a fee arising out of the very matter in which he testifies.

There was a sharp issue of fact as to their employment and representations to her presented and the court should have submitted it to the jury under proper instructions in regard to the duty of an attorney to his client.

 But, it is urged by defendants, the judgment in the interpleader case was *res adjudicata* as against plaintiff to the effect that there was only $1,250 in issue between the parties and she is now estopped from contending that they owe her anything further. In the interpleader case the only issue presented and determined was the respective right of plaintiff and Durham to a sum of money left àfter an attorney's fee had been deducted and the question of the amount retained as an attorney's fee was not involved. Nor could it have been litigated in the interpleader, for in such an action it must appear the amount involved is claimed by both parties interpleaded, and Durham never made any claim to any of the amount retained by defendant Dodd as attorney's fee. *Grand Lodge, etc.,* v. *Burns,* 84 Conn. 356, 80 Atl. 157; *Maxwell v. Frazier,* 52 Or. 183, 96 Pac. 548, 18 L. R. A. (N. S.) 102. We think that the issue presented in the present case, so far as the fee retained by defendants Dodd and Sumter was concerned, was neither litigated nor could have been litigated in the interpleader, and that the judgment therein is not *res adjudicata* on that issue.

 Summing up the situation we think the record in the present case required a submission to the jury under proper instructions of the issues of whether defendants Dodd and Sumter were attorneys for plaintiff, and, if so, whether they failed to perform their duty as such in a manner entitling them to retain the attorney's fee which admittedly they did keep. If the answers to these questions by the triers of fact

are in the affirmative, judgment should be rendered for $1,250 as against defendants Dodd and Sumter in plaintiff's favor.

So far as defendants Mathews and Bilby are concerned, the undisputed evidence showed that they did not participate in the contingent fee agreement with either plaintiff or Durham; that they never at any time had anything to do with her or her claim and that they were employed in the case of *Durham* v. *Firestone Tire & Rubber Company, supra,* to assist on behalf of Durham solely by defendants Dodd and Sumter, and were paid by them. Under these circumstances, we see no dereliction in duty on their part in undertaking to represent Durham in the interpleader or in retaining the attorney's fee paid them for their services by the other two defendants.

The judgment of the superior court is affirmed as to defendants Mathews and Bilby, and reversed and remanded for a new trial as to defendants Dodd and Sumter, according to the principles set forth herein.

McALISTER and ROSS, JJ., concur.